JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV    228

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JUAN SANTIAGO,

                    Plaintiff,

        -against-

THE CITY OF NEW YORK,
DETECTIVE RAYMOND ALICEA (TAX 903324),
and JOHN DOES 1-4,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

RECEIVED
JAN 13 2014
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, Juan Santiago, by his attorneys, Reibman & Weiner, as and for his

Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

      1.      At all times hereinafter mentioned, plaintiff, Juan Santiago, was an adult

male resident of New York County, within the State of New York.

      2.      At all relevant times hereinafter mentioned, defendant City of New York

("New York City"), was and is a municipal corporation duly organized and existing under and by

virtue of the laws of the State of New York and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their

employees.

      3.      At all relevant times hereinafter mentioned, defendant Alicea (Tax

903324), was an adult male employed by the City of New York as a member of the NYPD

assigned to the 7th Precinct. Defendant Alicea is sued herein in his official and individual

capacities.

      4.      At all relevant times hereinafter mentioned, defendants John Does 1-4,

were individuals employed by the City of New York as a members of the NYPD whose identities are currently unknown to plaintiff. The Doe defendants are sued herein in their official and individual capacities.

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6.     Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7.     That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

8.     At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

9.     That the within action has been initiated within one year and ninety days of the accrual of plaintiff's claims pursuant to New York State Law.

## RELEVANT FACTS

10.     On November 25, 2012, at about 10:30 a.m., plaintiff was lawfully walking in front of or near 312 Delancey Street in the County of New York, City and State of New York.

11.     At or about this time, the individual defendants arrived and were on duty in their official capacity as members of the New York City Police Department.

12.     Plaintiff was not engaged in any suspicious or illegal activity, or any activity that would otherwise have justified a stop of plaintiff, and there was no legal basis or

justification for the defendants to approach, detain and arrest plaintiff, or to subject him to any force, much less the force actually employed.

13.     Despite the absence of any evidence or indication of wrongdoing on the part of plaintiff which would have justified the defendants' search of plaintiff, the defendants detained and searched plaintiff.

14.     The search yielded no evidence of any guns, drugs, or contraband.

15.     Without any explanation or justification, the defendants applied excessively tight handcuffs to plaintiff and formally arrested him.

16.     At no time did plaintiff resist arrest or engage in any violent or threatening behavior.

17.     Plaintiff was not engaged in any unlawful or suspicious activity, and repeatedly asked the defendants why they were arresting him, and received no response.

18.     The decision to arrest plaintiff was objectively unreasonable under the circumstances.

19.     At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

20.     Plaintiff was then transported to a local area precinct believed to be the 7th Precinct, where he was held for several hours before he was transferred to New York County Central Booking, where he was held for several more days.

21.     Plaintiff was arraigned on a criminal complaint, which had been signed by Defendant Alicea on November 25, 2012 at 4:25 p.m. (the "Santiago Criminal Complaint"), containing false allegations which were either completely fabricated by defendant Alicea and

falsely attributed to an informant, or which defendant Alicea knew or should have known to be factual impossibilities.

22.     The purported informant referred to in the Santiago Criminal Complaint is believed to be an individual named Jonathan Flores.

23.     Defendant Alicea alleged in the Santiago Criminal Complaint that, *inter alia*, Flores accused plaintiff of robbing him at 2:19 p.m. on November 23, 2012 at 64 Baruch Drive on the Lower East Side of Manhattan.

24.     However, Flores was at New York Presbyterian Hospital on the Upper East Side of Manhattan at 2:10 p.m. on that same date, thus making the robbery by Santiago a factual impossibility.

25.     Defendants knew or should have known of this factual impossibility since, prior to plaintiff's arrest, Flores was in police custody for Criminal Possession of a Controlled Substance in the Third Degree, and had been arraigned on a criminal complaint sworn to by Police Officer Brandon Lomonaco (the "Flores Criminal Complaint") which alleged that, at 2:10 p.m. on November 23, 2012, doctors at New York Presbyterian Hospital were removing 34 bags of crack cocaine from Jonathan Flores.

26.     Accordingly, defendant Alicea either completely fabricated the allegations against plaintiff or otherwise knew, or should have known, that the allegations against him were factual impossibilities.

27.     Specifically, on November 25, 2012, defendant Alicea alleged in the Santiago Criminal Complaint that:

On or about November 23, 2012 at about 2:19 PM, inside 64

-4-

Baruch Drive in the County and State of New York, the defendant forcibly
stole property and in the course of the commission of the crime and
immediate flight therefrom the defendant or another participant in the
crime caused physical injury to a person who was not a participant in the
crime; the defendant, with intent to cause serious physical injury to
another person, caused such injury to another person.

The factual basis for these charges are as follows:

I am informed by an individual known to the District Attorney's
Office, that the defendant and five other unapprehended individuals
approached informant inside the stairwell of the above location.  I am
further informed by informant that one unapprehended punched informant
in the face causing informant to fall to the ground and another
unapprehended poked the informant with a sharp object to the left bicep,
chest, and abdomen causing informant to receive stitches and causing
bleeding and substantial pain.  I am informed by informant that while the
above actions were taking place, defendant Santiago was present and held
the door to the stairwell.

28.    However, the day before Alicea's Complaint was sworn to, Police Officer

Brandon Lomonaco swore upon the Flores Criminal Complaint on November 24, 2012 at 9:40

a.m. that:

On or about November 23, 2012 at about 2:10 p.m., at 425 East 61st
Street in the County and State of New York, the defendant [Jonathan Flores]
knowingly and unlawfully possessed a narcotic drug with intent to sell it

The factual basis for this charge is as follows:

I am informed by an individual known to the District Attorney's Office
that while treating the defendant [Jonathan Flores] at New York Presbyterian
Hospital, informant recovered approximately thirty-four (34) ziplock bags
containing crack/cocaine from the defendant's rectum.

29.    Accordingly, the allegations contained in the Santiago Criminal Complaint

were false and the defendants, including defendant Alicea, knew or should have known them to

be false them to be false when they were made.

30.     Pursuant to the Santiago Criminal Complaint, plaintiff was arraigned on one count of Robbery in the Second Degree and one count of Assault in the Second Degree.

31.     Plaintiff was held for several days pursuant to the allegations in the Santiago Criminal Complaint before he was arraigned, and he was then held for several additional days in the custody and control of the defendants after his arraignment.

32.     Plaintiff was eventually released from custody and was given a future court date.

33.     Plaintiff was prosecuted pursuant to the false allegations in the Santiago Criminal Complaint, before the charges against him were dismissed on a motion of the New York County District Attorney on January 11, 2013.

34.     Flores was prosecuted pursuant to the allegations in the Flores Complaint, and eventually pleaded guilty to the charges related to Criminal Possession of Controlled Substance in the Seventh Degree on December 6, 2012.

35.     The factual allegations sworn to by defendant Alicea against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

36.     At no time did there exist any basis to utilize any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

37.     At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

38.     The individual defendants intentionally and deliberately gave false

statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

39.     That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

40.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

41.     At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, or using physical force against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

42.     Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

43.     Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

44.     By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, false arrest and imprisonment, malicious prosecution, unlawful searches of person and property, and denial of due process, and thereby violated,

conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

45.     By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### SECOND CAUSE OF ACTION

46.     Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

47.     Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

48.     Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

49.     The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy,

practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

50.     All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

51.     The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

a.     Using excessive force on individuals, including but not limited to those who have already been handcuffed;

b.     Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

c.     Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

d.     Retaliating against officers who report police misconduct; and

e.     Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

52.     The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

a.     *Thompson v. City of New York,* 10-CV-3603 (ARR) (SMG)

(E.D.N.Y.)

b.  *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.  *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

d.  *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.  *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

f.  *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.  *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (SD.N.Y.);

h.  *Carmody* v. *City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i.  *McMillan* v. *City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.  *Avent* v. *City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.  *Smith* v. *City of New York*, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.  *Powers* v. *City of New York*, 04-CV-2246 (NGG) (E.D.N.Y.);

m.  *Dotson* v. *City of New York*, 03-CV-2136 (RMB) (S.D.N.Y.);

n.  *Nonnemann* v. *City of New York*, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o.  *Richardson* v. *City of New York*, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.  *Barry* v. *New York City Police Department*, 01-CV-10627 (CBM) (S.D.N.Y.);

q.  *Walton v. Safir*, 99-CV-4430 (AKH) (S.D.N.Y.);

r.  *White-Ruiz v. The City of New York*, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.    *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

53.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

54.    Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

55.    It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

56.    By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

57.    Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

58.    Plaintiff was subjected to false arrest, excessive force, malicious prosecution, denial of due process and fair trial, through the defendants' use of fabricated evidence and the making of false statements.

59.    At no time did defendants have any legal basis for arresting plaintiff, subjecting him to false arrest, excessive force, malicious prosecution, or commencing criminal process against him, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

60.    The defendants are therefore liable under New York law to plaintiff for false arrest, excessive force, malicious prosecution, and denial of due process and fair trial.

61.    By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

### DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i.     on the causes of action one through three, actual and punitive damages in an amount to be determined at trial;

ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iii.   such other relief as the Court deems just and proper.

Dated:     Brooklyn, New York
           January 7, 2014

           By: _____
               Jessica Massimi (JM-2920)
               Reibman & Weiner, *Attorneys for Plaintiff*
               26 Court Street, Suite 1808
               Brooklyn, New York 11242
               718-522-1743